UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                                    No. 00-4864

LEGRAND QUINTON BENTON,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Bristow Marchant, Magistrate Judge.
(CR-00-176-BM)

Submitted: June 5, 2001

Decided: August 3, 2001

Before WILKINS, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Scott N. Schools, United States Attorney, Eric William Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In 1982, LeGrand Quinton Benton divorced his wife. The Richland County Family Court of Columbia, South Carolina, issued a divorce decree requiring Benton to pay $200 per month in child support and one-half of all reasonable expenses for a college education for Benton's son, Craig Benton. Benton relocated to North Carolina and failed to make child support payments or contribute to his son's college education. On November 6, 2000, Benton plead guilty to misdemeanor failure to pay child support, in violation of the Child Support Recovery Act, 18 U.S.C.A. § 228 (West 2000) ("CSRA"), and was sentenced to five years probation and ordered to pay $23,528 in restitution. On appeal, Benton argues Congress exceeded its constitutional authority under the Commerce Clause in passing the CSRA. We disagree.

A panel of this court has authoritatively determined that the CSRA is a constitutional exercise of Congress' power under the Commerce Clause to regulate things in interstate commerce. *United States v. Johnson*, 114 F.3d 476, 480 (4th Cir. 1997); *see Perez v. United States*, 402 U.S. 146, 150 (1971). Only the en banc court or the Supreme Court can overrule a decision of a panel of this court. *Jones v. Angelone*, 94 F.3d 900, 905 (4th Cir. 1996). The en banc court has not addressed the constitutionality of the CSRA, and we conclude that the holding and analysis of *Johnson* are unaltered by *United States v. Morrison*, 529 U.S. 598, 617 (2000), because *Morrison* did not alter Commerce Clause jurisprudence regulating items in interstate commerce. *Morrison*, 529 U.S. at 609.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*